UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARRYL LEE HAAN
    Plaintiff,
v.                                CASE No. 8:20-cv-3044-CEH-TGW

JOHNSON & JOHNSON, INC.
    Defendant.
_____

## REPORT AND RECOMMENDATION

The plaintiff filed an affidavit of indigency pursuant to 28 U.S.C. 1915 (Doc. 2), seeking a waiver of the filing fee for his amended complaint (Doc. 38). The amended complaint suffers from the same deficiencies as the original complaint. I therefore recommend that the motion to proceed in forma pauperis be denied, and the complaint be dismissed.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim

upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

Furthermore, although "allegations of a pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers .... this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014). The plaintiff has not stated a cognizable amended complaint because he has not stated a claim showing that he is entitled to relief and that the court has jurisdiction over this matter. See Rule 8, F.R.Civ.P.

The plaintiff alleged in his original complaint that the defendant is liable for "push[ing] deadly pain medications" on him (Doc. 1, p. 4). The complaint was dismissed for failure to state a cognizable claim (Doc. 36). United States District Judge Charlene Edwards Honeywell explained (id., pp. 4-5):

> Plaintiff fails to plead any ultimate facts beyond the fact that Defendant manufactured medications that Plaintiff took which harmed his health. These allegations are not enough to state a cause of action. To the extent that Plaintiff seeks to allege state law claims for product liability, gross negligence and/or a failure to warn, Plaintiff's Complaint does not allege the elements of any of these causes of action under Florida law. Further, Plaintiff fails to state a cause of action under any federal law. Thus, the Plaintiff's Complaint is due to be dismissed.

2

The court, however, granted the plaintiff an opportunity to file an amended complaint, cautioning the plaintiff that "[t]he amended complaint should consist of a single document that specifically identifies the basis of the Court's subject matter jurisdiction and clearly pleads in separate counts each cause of action asserted against Defendant" (id., p. 5).

The plaintiff timely filed an amended complaint, but it is deficient in the same respects as the original complaint. Thus, the plaintiff repeats his allegations that the defendant engaged in deceptive practices and marketing because it knew oxycodone and hydrocodone were unsafe and addictive (Doc. 38, p. 3), but he does not "specifically identif[y] the basis of the Court's subject matter jurisdiction" or "clearly plead[] in separate counts each cause of action" (Doc. 36, p. 5). Rather, the plaintiff merely states that he is "filing under 367 Health Care/Pharmaceutical, Personal Injury, Product Liability of the U.S. Constitutional Laws" (Doc. 38, p. 4). This is patently insufficient.

In sum, construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the complaint should be dismissed. See 28 U.S.C.

3

1915(e)(2)(B)(ii).

Furthermore, because the plaintiff has twice failed to state a cognizable claim despite the court's guidance, I recommend that the complaint be dismissed with prejudice because there is no reason to conclude that the plaintiff will be able to state a claim successfully the third time. See Vanderberg v. Donaldson, 259 F.3d 1321, 1326-27 (11th Cir. 2001) (Motion to amend may be denied if amendment is futile.).

Notably, although a motion to dismiss has been filed in this case, the defendant has not been properly served. Therefore, until there is a dispositive in forma pauperis determination, the case may not go forward. Indeed, in an "Objection to the Defendant's Motion to Dismiss," the plaintiff points out that he has not served the Amended Complaint and does not have to do so until the court rules on the in forma pauperis application (Doc. 40).

Respectfully submitted,

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: May 17, 2021.

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.