UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARRYL LEE HAAN,

    Plaintiff,

v.     Case No: 8:20-cv-3044-CEH-TGW

JOHNSON & JOHNSON INC.,

    Defendant.
_____/

# ORDER

This matter comes before the Court on the Report and Recommendation of Magistrate Judge Thomas G. Wilson (Doc. 41). In the Report and Recommendation, Magistrate Judge Wilson recommends Plaintiff Darryl Lee Haan's Amended Complaint be dismissed with prejudice. On May 25, 2021, Plaintiff filed an Objection to the Report and Recommendation ("Objection") (Doc. 42). Defendant Johnson & Johnson filed its response to Plaintiff's Objection (Doc. 43), and Plaintiff replied (Doc. 44). As such, this matter is ripe for review.

**I.     BACKGROUND**

Plaintiff, Darryl Haan ("Plaintiff"), proceeding *pro se*, initiated this action against Defendant Johnson & Johnson, Inc. ("J&J" or "Defendant") on December 21, 2020. Doc. 1. In conjunction with filing his initial Complaint, Plaintiff filed a motion to proceed without prepaying fees. Doc. 2. While the Magistrate Judge determined that Plaintiff was indigent based upon his filings, he recommended Plaintiff's

Complaint be dismissed without prejudice for failing to state a claim against Defendant and failing to establish the Court's subject matter jurisdiction. Doc. 5. The Court adopted the Magistrate Judge's report and recommendation, deferred ruling on the Plaintiff's motion to proceed *in forma pauperis*, and granted Plaintiff leave to file an amended complaint that specifically identifies the basis of the Court's subject matter jurisdiction and clearly pleads in separate counts each cause of action asserted against Defendant. Doc. 36.  Plaintiff filed an Amended Complaint on March 31, 2021 (Doc. 37) and again on April 2, 2021 (Doc. 38). It appears that the pleadings are the same, and the Court will treat the April 2, 2021 Amended Complaint at Doc. 38 as the operative complaint.

In his Amended Complaint, Plaintiff alleges that the basis for the Court's jurisdiction is diversity of citizenship with an amount in controversy in excess of $75,000. Doc. 38 at ¶ 1.A. Plaintiff is a citizen of Florida and Defendant is a New Jersey corporation with its principal place of business in New Jersey. *Id.* ¶¶ 1.b., 1.C. Plaintiff seeks compensatory and punitive damages in the millions for alleged "unreversible damages and harm" to the Plaintiff. *Id.* ¶¶ 2.A.–2.D. Plaintiff sues J&J for

> mass produced oxycodone, hydrocodone, that has destroyed the Plaintiff's liver, heart kidneys and other orgins (sic) from deceptive practices and marketing, and knowingly that oxycodone, hydrocodone, were not safe and very addictive to the Plaintiff, and never told the Plaintiff of the dangers of these pain medications. From 2013 thru today the Plaintiff suffers from the affects of these medications. . . . The Defendants used these medications to

> get the Plaintiff hooked and addictions (sic) thru the 2000's over money and profits.

Doc. 38 at 3.

On May 17, 2021, the Magistrate Judge entered a Report and Recommendation recommending that Plaintiff's Amended Complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief can be granted. Doc. 41. The Report and Recommendation noted that Plaintiff's Amended Complaint, while timely, still suffers from the same deficiencies as the initial complaint in that it does not specifically identify the basis of the Court's subject matter jurisdiction or clearly plead each cause of action in separate counts against J&J. Doc. 41 at 3. Even construing Plaintiff's claim liberally, the Magistrate Judge concluded Plaintiff has failed to state a claim upon which relief may be granted. Because Plaintiff twice failed to state a cognizable claim, the Magistrate Judge recommended that the amended complaint be dismissed with prejudice because there is no reason to conclude that the Plaintiff will be able to state a claim successfully with a third attempt. *Id.* at 4 (citing *Vanderburg v. Donaldson*, 259 F.3d 1321, 1326–27 (11th Cir. 2001) (no error in denying leave to amend where plaintiff failed to allege new facts from which the court could have concluded that plaintiff may have been able to state a claim successfully).

Plaintiff filed an objection to the Report and Recommendation on May 25, 2021. Doc. 42. The Objection asserts he is suing "under 367. Pharmaceutical/personal injury/product liability laws of the United States Constitution." Doc. 42 at 3. Plaintiff

3

references other lawsuits against J&J[1] and contends that he will prove his damages and the Defendant's deceptive practices at a jury trial. *Id.* at 4. J&J filed a response to the Objection arguing Plaintiff fails to identify any errors made by the Magistrate Judge in the Report and Recommendation. Doc. 43. In reply, Plaintiff states the Defendant's response is untimely, he reiterates that he has stated a basis for the court's jurisdiction, and he claims he has stated a cause of action against J&J. Plaintiff requests the case be set for jury trial.

## II.   STANDARD OF REVIEW

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(C); *U.S. v. Raddatz*, 447 U.S. 667, 673 (1980). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72. The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id.*

## III.   DISCUSSION

As a preliminary matter, the Court agrees with Plaintiff that he has invoked this Court's subject matter jurisdiction based on diversity. Plaintiff alleges that he is a citizen of Florida and that J&J is a citizen of New Jersey. Thus, the parties are diverse.

---

[1] Plaintiff makes vague references to J&J being "found guilty of deceptive practices" in other federal cases brought by the State of Oklahoma and the State of West Virginia.

4

He further alleges that the amount in controversy exceeds the threshold amount of $75,000, asserting his injuries and claim for punitive damages are in the millions. However, notwithstanding the fact that Plaintiff's allegations invoke the Court's subject matter jurisdiction, Plaintiff still fails to plead any cognizable cause of action against J&J, and thus, his Amended Complaint is due to be dismissed.

Beyond his objection regarding jurisdiction, Plaintiff fails to make any specific objection to the factual findings or legal analysis of the Magistrate Judge in the Report and Recommendation. Moreover, Plaintiff's claim in the reply that J&J's response, which was filed nine days after his objection, is untimely is without merit. Doc. 44.

In his Objection, Plaintiff merely repeats that he is allowed to recover based on personal injury/product liability law. Despite being afforded the opportunity to amend his complaint, Plaintiff adds no new factual allegations in the Amended Complaint to establish the elements of any federal or state cause of action against this Defendant. As the Court previously noted in its order adopting the first Report and Recommendation, to the extent that Plaintiff is attempting to sue under one or more state law theories of products liability, failure to warn or gross negligence, Plaintiff has wholly failed to allege the elements of any of these claims against J&J. Plaintiff references that he will prove Defendant's deceptive practices at trial, but Plaintiff fails to allege any claim under Florida's Deceptive and Unfair Trade Practices Act. *See* § 501.201, *et seq*. Review of the Amended Complaint reflects it is still unclear what Plaintiff is suing J&J for in his "Statement of Claim." While pleadings from *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys, *see*

*Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), they still must meet minimal pleading standards. *Pugh v. Farmers Home Admin.*, 846 F. Supp. 60, 61 (M.D. Fla. 1994). "[E]ven in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). Plaintiff has been given two opportunities to state a claim against this Defendant to no avail. The Magistrate Judge determined that there is no reason to conclude that the Plaintiff will be able to state a claim successfully, even if given a third opportunity, and the Court agrees.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Objection is sustained in part and overruled in part. The Objection is sustained to the extent that Plaintiff has alleged diversity jurisdiction in his Amended Complaint. In all other respects, Plaintiff's Objection is overruled.

2. The Report and Recommendation of the Magistrate Judge (Doc. 41) is adopted, confirmed, and approved, except with regard to the finding that the Plaintiff has failed to establish the Court's subject matter jurisdiction, and is made part of this Order for all purposes, including appellate review.

3. Plaintiff's Amended Complaint (Doc. 38) is **DISMISSED with prejudice**.

4.      The Clerk is directed to terminate all pending motions and deadlines and close this case.

**DONE AND ORDERED** in Tampa, Florida on October 21, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties